**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-483-FDW
(3:11-cr-403-FDW-2)**

| | |
|---|---|
| JAMES POWELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>)                            ) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se motion to vacate, set aside or correct his sentence which is filed pursuant to the provisions of 28 U.S.C. § 2255. For the reasons that follow, the § 2255 motion will denied and dismissed.

### I.  BACKGROUND

On December 13, 2011, Petitioner and a co-defendant were indicted in this district on one count of knowingly conspiring to obstruct, delay and affect the commerce of a business that sold jewelry, watches, tools, electronics and other merchandise affecting commerce, all in violation of 18 U.S.C. § 1951 (Count One). In Count Two, Petitioner and his co-defendant were charged with a Hobbs Act violation for knowingly and unlawfully affecting commerce, as defined in 18 U.S.C. § 1951(b)(3), and the movement of articles and commodities in commerce during the course of a robbery at the Central Avenue Jewelry and Pawn, in Charlotte. The indictment alleged that Petitioner and his co-defendant attempted to take personal property which included a .357 Magnum revolver and four cell phones from and in the presence of persons, against their will, and by means of threatened and actual force, violence, and aiding and abetting the same, all

1

in violation of 18 U.S.C. §§ 1951 and 2. In Count Three, the grand jury charged that Petitioner and his co-defendant aided and abetted each other, during and in relation to a crime of violence, that is, through the Hobbs Act robbery. Further, the indictment charged that during this robbery, each defendant knowingly used and carried a handgun, and in furtherance of such crime of violence, did possess and brandish the firearm, all in violation of 18 U.S.C. §§ 924(c) and 2. Finally, Petitioner was named as the sole defendant in Count Four and charged with being a felon-in-possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (3:11-cr-403, Doc. No. 1: Indictment).

Following the return of the indictment, Petitioner was arrested and the court appointed counsel during his initial appearance. Petitioner decided to enter a straight-up plea to all four counts in his indictment and he appeared before U.S. Magistrate Judge David S. Cayer for a Plea and Rule 11 hearing where he was placed under oath. The Government summarized the four charges pending against him, and the court confirmed that Petitioner had discussed the elements of the charged offenses with his attorney and that he understood each charge, that he understood the maximum penalties upon conviction, and that he had discussed any possible defenses to the charges with his attorney. Petitioner acknowledged that he was in fact guilty of the conduct charged in each of the four offenses and that he was waiving his right to contest the charges in a jury trial. The court accepted Petitioner's plea after finding that Petitioner's decision to plead guilty was knowingly and voluntarily made. (Id., Doc. No. 30: Acceptance and Entry of Guilty Plea).

The U.S. Probation Office prepared a presentence investigation report (PSR) in advance of Petitioner's sentencing hearing. (Id., Doc. No. 42: PSR). The PSR grouped Counts 1, 2 and 4

for guideline calculation purposes pursuant to U.S. Sentencing Guidelines Manual (USSG) § 3D1.2(c) (2012). This yielded a base offense level of 20 for these convictions and the probation officer calculated an adjusted offense level of 24. After noting a three-level reduction for acceptance of responsibility Petitioner's total offense level was 21, and with a criminal history category of V, Petitioner's Guidelines range was 70 to 87 months followed by the mandatory consecutive term of 84-months' imprisonment for conviction on Count Three. See USSG § 2K2.4(b).

On June 4, 2013, Petitioner appeared with counsel for his sentencing hearing and was sentenced to concurrent terms of 78-months in prison on Counts One, Two and Four, and a mandatory consecutive term of 84-months for conviction on Count Three for a total term of 162-months' imprisonment. (Id., Doc. 55: Amended Judgment). Petitioner did not appeal. This § 2255 proceeding follows and Petitioner's claims will be examined below.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

A. First Claim

In his first claim for relief, Petitioner contends that his conviction for the robbery of

Central Avenue Jewelry and Pawn must be set aside because the pawnshop was not engaged in interstate commerce as that term is defined in 18 U.S.C. § 1951. In sum, Petitioner argues that this Court lacked subject matter jurisdiction to enter the judgment of conviction because there was no violation of federal law based on his contention that the interstate commerce element of the crimes was absent. This argument will be rejected for three reasons.

First, Petitioner appeared for his Plea and Rule 11 hearing and the elements of each of the four counts in his indictment were summarized by the Government and Petitioner averred that he had discussed each of the charges with his attorney, and that he understood the charges. Based on his solemn admission of guilt, Petitioner has therefore admitted that the pawnshop was engaged in interstate commerce and he is now foreclosed from contesting this element of the offense. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) ("For the representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").

Second, the PSR specifically found that the investigation into the offenses charged in Petitioner's indictment involved the obstruction and interference with interstate commerce. In Count Two of Petitioner's indictment it is alleged that Petitioner and his co-defendant took and attempted to take a Rossi .357 Magnum revolver, one Blackberry cell phone, and three other cell phones through actual and threatened force. (3:11-cr-403, Doc. No. 1: Indictment at 1). The PSR noted that the investigation provided evidence that none of these items were

manufactured in North Carolina, a finding which Petitioner did not object to during his criminal proceeding, and the Court found that the evidence in the PSR was reliable. (Id., Doc. No. 42 ¶ 11). In addition, the PSR provided evidence – to which Petitioner did not object during his criminal proceeding – that Central Avenue Jewelry and Pawn conducted business across state lines and the Court accepted the PSR without change after finding that the evidence therein presented was reliable. (Id., Doc. No. 52: Statement of Reasons (Sealed)).

Finally, the offenses clearly qualify as offenses under the Hobbs Act because they have an effect on interstate commerce, however minimal in Petitioner's estimation. See United States v. Willams, 342 F.3d 350, 354 (4th Cir. 2003) (fining that "Congress exercised the full extent of its authority [under the Commerce Clause] in the Hobbs Act" and noting that "[w]e have therefore found the Hobbs Act to apply whenever the instant offense has at least a 'minimal' effect on interstate commerce.") (citing United States v. Spangnolo, 546 F.2d 1117, 1119 (4th Cir. 1976)).[1]

Based on the foregoing, Petitioner's blank, and late, assertions that his conduct in robbing the Central Avenue Jewelry and Pawn did not involve actions in and affecting interstate commerce will be denied.

B. Second Claim

In his second claim for relief, Petitioner contends that his seven-year sentence for violation of 18 U.S.C. § 924(c) must be set aside because the Court, rather than a jury, found that he brandished the firearm during the course of the robbery. Section 924(c) provides, in relevant part, that any defendant who uses or carries a firearm, with such firearm being used in

---

[1] As noted in the PSR, the authorities involved with Petitioner's case verified that the pawnshop conducted at least some its business across state lines. Accordingly, it is difficult to imagine that a violent robbery would not have an adverse impact on the pawnshop's business, both in intrastate and interstate commerce.

5

furtherance of a crime of violence, shall be sentenced to a mandatory term of 7-years' imprisonment when the firearm is brandished during the course of the crime of violence. Id. § 924(c)(1)(A)(ii).

In his indictment, Petitioner was charged in Count Three with possessing and brandishing a firearm during the robbery of the pawnshop. Specifically, the indictment charged that Petitioner and his co-defendant unlawfully used and carried a firearm during the robbery, and in furtherance of such crime of violence, "did possess and <u>brandish</u> said firearm, in violation of 18 U.S.C. § 924(c) and 2." (<u>Id.</u>, Doc. No. 1: Indictment at 3) (emphasis added).

Petitioner in essence contends that his sworn admission is insufficient to support the Court's imposition of the seven-year mandatory term on the § 924(c) conviction. As previously observed, Petitioner entered a straight-up plea of guilty to all counts in his indictment. In particular, during his Rule 11 hearing Petitioner admitted that he had reviewed the elements of Count Three with his attorney and that he understood the charge. The Government reviewed the elements of Count Three and Petitioner confirmed, again, that he understood the elements of Count Three <u>and</u> that he was in fact guilty of the charged conduct. To wit, brandishing a firearm during and in furtherance of a crime of violence.

Petitioner cites the Supreme Court's opinion in <u>Alleyne v. United States</u>, however the Court finds that Petitioner's reliance on this opinion is misplaced.[2] In <u>Alleyne</u>, the defendant, like Petitioner here, was charged with robbery affecting interstate commerce, among other offenses, in violation of 18 U.S.C. 1951, and later convicted following a jury trial. The presentence report recommended a seven-year sentence under § 924(c)(1)(A)(ii) and defendant objected on the ground that the jury verdict form made it plain that they did not find that he

---

[2] 133 S.Ct. 2151 (2013).

brandished the firearm during a crime of violence beyond a reasonable doubt. The sentencing court overruled Petitioner's objection after finding that whether he brandished the firearm was a question of fact to be resolved by the court in determining applicable sentencing factors, citing Harris v. United States, 536 U.S. 545 (2002).

In Harris, the Court held that there was no Sixth Amendment violation of a right to jury trial when a sentencing court found facts which increased the defendant's mandatory minimum sentence for a crime. Alleyne, 133 S. Ct. at 2155. In overruling Harris, the Alleyne Court found that the Sixth Amendment right to a jury trial was violated because "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Id.

In the present case, Petitioner's indictment plainly states that he was alleged to have brandished a firearm during and in furtherance of a crime of violence and he admitted under oath that he understood the charge in Count Three and that he was in fact guilty of the charge. Moreover, Petitioner expressly waived his right to have a jury determine whether he was guilty of the charge. Accordingly, Petitioner's admission to the elements of Count Three, and the concomitant acceptance of his guilty plea, provided the facts necessary to establish that he brandished a firearm under § 924(c)(1)(A)(ii), and he therefore qualified for the seven-year sentence. See United States v. Booker, 543 U.S. 220, 244 (2005); Alleyne, 133 S.Ct. at 2163.

### IV.　　CONCLUSION

Based on the foregoing, the Court finds that Petitioner has failed to state any meritorious claim for relief and his § 2255 motion will be denied and dismissed.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DENIED** and

**DISMISSED** with prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: November 26, 2014

Frank D. Whitney
Chief United States District Judge